[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE (#102) DEFENDANT'S MOTION TO DISMISS
The plaintiff, Irena Callahan, administratrix of the Estate of Curtis Bucci, commenced this action sounding in negligence against the defendant, State of Connecticut following the suicide of Bucci (the decedent) on February 2, 1991 while he was in the custody of the Department of Correction and incarcerated at the Bridgeport Correctional Center.
On May 4, 2001 the plaintiff was authorized to sue the defendant State of Connecticut by James R. Smith, Commissioner of Claims for the State of Connecticut. Curtis Bucci is the son of the plaintiff. She was appointed as administratrix of his estate by the Fairfield Probate Court on April 15, 1991.
The defendant, State of Connecticut, has moved the court to dismiss the action for lack of subject matter jurisdiction insofar as it alleges claims which are barred by the doctrine of sovereign immunity.
The parties appeared before the court and were heard in regard to the motion to dismiss. The court reserved decision.
The defendant moves to dismiss the plaintiff's action against it for lack of subject matter jurisdiction arguing that the Claims Commissioner did not have the authority to retroactively apply General Statutes §4-160 (b), and that the plaintiff's complaint raises claims beyond medical malpractice, which were not authorized by the Claims Commissioner.
The defendant's argument is without merit because prior to the enactment of § 4-160 (b) (which requires the claims commissioner to authorize suits against the state for medical malpractice where a claimant has provided a certificate of good faith), the claims commission CT Page 4370 was authorized pursuant § 4-160 (a) to permit claims against the state upon certain findings set forth therein. At all relevant times herein, including the date of death of the decedent, Section 4-160 (a) was in full force and effect.
General Statutes § 4-160 — Authorization of actions against the state.
(a) When the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable. (Emphasis added.) See Conn. Judiciary Committee Hearings, Part one, 1998 Sess., p. 170, 172; 41 H.R.Proc. Pt. 8, 1998 Sess., p. 2695-97.
In the instant case, the defendant cites that portion of the commissioner's finding wherein he states, "I find that the claimant has presented information sufficient to establish that permission to sue should be granted based on his allegations of medical malpractice only and consistent with Section 4-160 (b) of the Connecticut General Statutes."
However, it is noted that the commissioner also added, "I find that it is just and equitable to all parties to grant permission to sue and save both sides the additional expense and time that it would require to conclude the formal hearing before the Commissioner." (Complaint, Exhibit A.)
Accordingly, the defendant's claim that the claims commissioner's authorization was based exclusively on subsection (b) is without merit.
There is no need to consider the whether or not subsection (b) is retroactive to the date of the decedent's death and there is no jurisdictional reason to determine the scope or nature of the medical malpractice claims of the plaintiff.
The defendant's motion to dismiss for lack of subject matter jurisdiction is hereby denied.
 BY THE COURT, JOSEPH W. DOHERTY, JUDGE
CT Page 4371